# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip M. Miller, ) | Civil Action No.: 6:12-1223-MGL |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

On May 3, 2012,[1] Petitioner Phillip M. Miller ("Petitioner"), inmate in the South Carolina Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling and a Report and Recommendation.

The Magistrate Judge issued a Report and Recommendation (ECF No. 50) on July 18, 2013, recommending that Respondent's motion for summary judgment (ECF No. 34) be granted and the petition for writ of habeas corpus be dismissed as Grounds One, Two and Six are procedurally barred from federal habeas review as they were not raised at trial and/or on direct appeal, and Grounds Three, Four, Seven, and Eight are without merit.[2] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. (ECF No. 50 at 31.)  Plaintiff has filed no objections and the time for doing so

---

[1]This filing date reflects that the envelope containing the petition was stamped as having been received on May 3, 2012, by the South Carolina Department of Corrections. (ECF No.1-2.)  *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

[2]The Petition does not contain a Ground Five.  The Magistrate Judge also found that Plaintiff's second claim of Ground Eight was additionally procedurally barred.

expired on August 5, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a de novo determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a thorough review of the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts and incorporates the Report and Recommendation (ECF No. 50) by reference into this order. It is therefore ORDERED that the Respondent's motion for summary judgment is GRANTED and the petition for writ of habeas corpus is DISMISSED.

### Certificate Of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c) (3) The certificate of appealability . . . shall indicate which specific issue

or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/Mary G. Lewis
United States District Judge

August 8, 2013
Spartanburg, South Carolina